RECEIVED
SEP -9 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:18-CR-00076-01 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | MAGISTRATE JUDGE HANNA |
| JON MICHAEL MAULDWIN | * | |

## PLEA AGREEMENT

A. INTRODUCTION

This document contains the complete plea agreement between the government and JON MICHAEL MAULDWIN, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. JON MICHAEL MAULDWIN shall appear in open court and plead guilty to Counts 2 and 4 of the indictment pending in this case.

2.  Pursuant to 18 U.S.C. § 924(d)(1), Defendant agrees to forfeit all of his right, if any, title, and interest in the Smith and Wesson model PK380 .380 caliber pistol, bearing serial number PK096880, hereinafter referred to as the "Property."

C.  THE GOVERNMENT'S OBLIGATIONS

1.  If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment.

2.  The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his/her own misconduct by timely notifying authorities of his/her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

3.  The government will not oppose the defendant's request that his sentence run concurrently with the defendant's sentence in the criminal matter of *State of Louisiana vs. Jon Mauldwin,* docket number 81735-F, 18th Judicial District Court, State of Louisiana.

D. SENTENCING

JON MICHAEL MAULDWIN understands and agrees that:

1. The maximum punishment on Count 2 is a term of imprisonment of not more than fifteen (15) years, pursuant to Title 18, United States Code, Section 2119, and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

2. The maximum punishment on Count 4 is a term of imprisonment of not less than ten (10) years, up to life imprisonment, pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

3. The defendant shall be required to pay a special assessment of $100, per count, **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

4. The defendant may receive a term of supervised release of not more than five (5) years, per count, in length in addition to any term of imprisonment imposed by the Court;

5. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

6. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

7. In addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case, and the defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge(s) to which the defendant has pled guilty, and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation Office as contained in the Presentence Report;

8. In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case, and that the amount of restitution and method of payment is at the discretion of the Court;

9. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

10. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

11. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

12. This case is governed by the Sentencing Reform Act as modified by

United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his/her counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

13. The sentencing judge alone will decide what sentence to impose; and

14. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. REINSTATEMENT OF ORIGINAL INDICTMENT

JON MICHAEL MAULDWIN understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

F. FORFEITURE

1. Defendant waives all interests in and claims to the Property described in Paragraph B(2) above, and hereby consents to the forfeiture of the Property to the United States. The forfeiture may be administrative, civil judicial, or criminal in the Government's sole discretion. Defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the Property,

including, but not limited to, such limitations contained in 21 U.S.C. § 853. Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of the Property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary order of forfeiture's becoming final as to Defendant before sentencing if requested by the Government to do so.

2. Defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described in Paragraph B(2) above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney

fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

G.     ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

G.     SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, JON MICHAEL MAULDWIN. I concur in JON MICHAEL MAULDWIN pleading guilty as set forth in this plea agreement.

_8-21-19_  
Date

_D. Talbot_  
DUSTIN C. TALBOT, LA Bar No. 33404  
Assistant Federal Public Defender  
102 Versailles Boulevard, Suite 816  
Lafayette, LA 70501  
Telephone: (337) 262-6336

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

__8-21-19__
Date

_____
JON MICHAEL MAULDWIN
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

__8/21/19__
Date

_____
DANIEL J. McCOY, LA Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618